**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SUNTRUST BANK,**

        **Plaintiff,**

**-vs-**                                                                  **Case No. 6:11-cv-559-Orl-18DAB**

**JEFFERY NAZARIO a/k/a Jeffery Nazario
Ortiz a/k/a Jeffery N. Ortiz a/k/a Jeffery
Ortiz and NANCY E. NAZARIO a/k/a
Nancy Nazario a/k/a Nancy Rodil a/k/a
Nancy Rodil Serrano a/k/a Nancy Serrano,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT AGAINST JEFFERY NAZARIO AND NANCY NAZARIO (Doc. No. 15)**
>
> **FILED:**      **July 12, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On April 06, 2011, Plaintiff Suntrust Bank ("Suntrust") filed suit for breach of an agreement executed by Defendants Jeffery Nazario and Nancy E. Nazario[1]. Specifically, Suntrust Bank alleges

---

[1] Defendants Jeffery Nazario and Nancy E. Nazario are also known by the aliases listed in the caption of the case.

that Defendants have defaulted on an equity line agreement. Doc. No. 1. Suntrust Bank now moves for default judgment against the Defendants.

Following service of process on Defendants on April 9, 2011, Defendants failed to respond by April 30, 2011. Docs. 8, 9. Both Defendants Jeffrey and Nancy Nazario were served at their residence through service on their daughter, Deborah Nazario, "a person of suitable age and discretion who resides there" and by mailing a copy to their last known address. Docs. 8, 9. Pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), service of a federal Complaint is accomplished in accordance with the procedure for service under the applicable state law; or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(1), (2)(B).

Plaintiff moved for entry of a clerk's default against Defendants on June 2, 2011. Doc. 10. Defaults against each Defendant were entered by the Clerk on June 3, 2011. Doc. 11, 12. Plaintiff now moves for a default judgment against the Defendants and has filed the supporting Affidavit of Nancy Johnson (Doc. 13); the matter is now ripe for resolution.

**Analysis**

Suntrust moves for default judgment on its claims for breach of contract under the Access 3 Equity Line Account Agreement (the "Agreement"). Doc. 1-1. A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003). Suntrust contends that it is entitled to recover $105,007.91 for the deficiency due under the Agreement. Doc. 1 ¶ 5; Doc. 13 ¶ 4. The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations

of the Complaint. *See, e.g.*, *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact"); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (same).

Defendants executed and delivered the Agreement to Suntrust; collateral for the Agreement is the real property listed in a Mortgage dated August 5, 2005[2]. Doc. 1-1. Defendants owe the principal amount of $105,007.91. Doc.1 ¶ 5; Doc. 1-1. Suntrust is the owner and holder of the Agreement. Doc. 1 ¶ 6. Defendants failed to make scheduled installment payments under the Agreement, in which Defendants are in default; Suntrust accelerated payment of the balance, which it had the right to do under the Agreement. Doc. 1 ¶ 7; Doc. 1-1 at 4. Defendants are indebted to Suntrust for the unpaid balance of the Agreement, plus interest, attorney's fees, costs and other charges as provided by the Agreement. Doc. 1 ¶ 8. The amount stated of $105,007.91 is as of the date of Johnson's Affidavit, July 6, 2011, and does not include a *per diem* amount. Doc. 13.

## CONCLUSION

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that default final judgment be entered in Suntrust's favor against Defendants Jeffrey and Nancy Nazario, jointly and severally, for the principal amount of **$105,007.91** due and owing under the Agreement.

Suntrust is **DIRECTED** to submit a proposed final judgment with the current calculation of interest and a per diem amount within 7 days of the date of this Order.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2]The Mortgage was not filed in the docket, and Suntrust apparently does not seek recourse against the equity.

Recommended in Orlando, Florida on September 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy